RECKERS, J.
I concur in the result arrived at in the foregoing opinion.
We are not called upon to interpret any ordinary contract but a contract of insurance. It has been said that if “semantically permissible” such a contract is to given such construction as will fairly achieve its object of securing indemnity to the insured for the losses to which the insurance relates. Continental Cas. Co. v. Phoenix Constr. Co., 46 Cal.2d 423, 437 [296 P.2d 801, 57 A.L.R.2d 914]. Continental Cas. Co. v. Hartford Acc. & Indem. Co., 213 Cal.App.2d 78, 98 [28 Cal.Rptr. 606].
The insurance here relates to accidental injuries resulting from the conduct of the insured business. Practically any occurrence can be an accident without violating the rule of semantic permissability. See the definition set forth in Geddes & Smith, Inc. v. St. Paul Mercury Indem. Co., 51 Cal.2d 558 [334 P.2d 881].
The same rule of extra liberal construction apparently applies also when section 533 of the Insurance Code is before the court. See Russ-Field Corp. v. Underwriters at Lloyds’, London, 164 Cal.App.2d 83, 95 [330 P.2d 432], In spite of the *Supp. 850 foregoing decisions I would affirm the trial court’s order in this case were it not for the decision in Walters v. American Ins. Co., 185 Cal.App.2d 776 [8 Cal.Rptr. 665]. In that ease the insured claimed protection from his insurer against a claim of assault and battery. The policy excluded “intentional” injuries. The company refused to defend. The insured settled the claim personalty and brought suit against the company. The lower court’s judgment for the defendant was reversed with a direction to enter judgment for the insured. While it was argued on appeal that there was a distinction between “intentional injuries” and ‘intentional acts which resulted in injuries” the court took the view that the evidence was uncontradicted that the insured was acting in self-defense when he struck his adversary three times and that he did not intend to injure his adversary within the meaning of the policy exclusion of section 533 of the Insurance Code.
Assault and battery and false imprisonment are historically and technically regarded as torts requiring intent. Since the appellate court has seen fit to say that an assault and battery charge should be defended because the insured might have acted in self-defense it must follow that there is likewise an obligation to defend a false arrest case where the question of probable cause is in issue.
In the present case it was determined in the primary action that the plaintiff intentionally arrested Penick and did not have probable cause. Appellant argues, however, that plaintiff thought that he had probable cause but was merely mistaken in arresting the wrong man. Since the existence of probable causes in the primary action for false arrest was a court question, the court must have found that plaintiff did not have probable cause to arrest Penick. (Aitken v. White, 93 Cal. 2d 134 [208 P.2d 788].) Since the jury found that plaintiff did not act maliciously the facts to be presented in the present action might show that plaintiff was negligent in believing that he had probable cause to believe that Penick was an accomplice of the robber but that his act in arresting him was not intentional in the sense that it must be intentional to be barred by section 533 of the Insurance Code.
Since false arrest was not expressly excluded by the policy term it is “semantically permissible” to take the view that the arrest in the present case was an accident and not excluded. Strict logic would not lead me to this conclusion, but the cases I have referred to indicate to me that this is the view that we are resigned to adopt.